LOIS MACK, BY NEXT FRIEND, ET AL., RESPONDENTS, v. LEOKADA MACKIEWICZ ET UX., APPELLANTS.

Decided November 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellants, *Reynier J. Wortendyke, Jr.*

For the respondents, *Eugene T. Sharkey.*

PER CURIAM.

This action was brought to recover compensation for personal injuries received by the infant plaintiff and for the expenses incurred by the father of the infant as the result of her injuries. The defendants are husband and wife, and are the joint owners of a house and lot located in the city of Bayonne. They occupied a part of the first floor of the house, and the father and mother of the infant plaintiff occupied another portion of that floor, the father being a son of the defendants. The attic in the building, which was two stories in height, was used both by the defendants and their son and daughter-in-law for storage purposes. A short time previous to the happening of the accident a fire had occurred in this attic, and at the time the infant plaintiff was injured

her grandmother was sweeping out the rubbish from the attic down the stairway to the second floor, the infant's mother helping her to dispose of the stuff when it came down. She had the little girl with her while she was doing this, and the female defendant knew that the infant was there. A bottle of acid, which was being swept down the stairs with the other rubbish by the grandmother, struck the child, broke and inflicted upon her the injuries which are the foundation of the present suit. The trial resulted in a verdict in favor of the plaintiffs against both the defendants, and the latter have appealed, the sole ground of appeal being that the trial court erred in refusing to grant a motion for the direction of a verdict in favor of the defendants, that motion being based upon the contention that there was no proof showing any negligence on the part of either one of them which was a producing cause of the accident.

In our opinion, the facts already recited made the question of the negligence of the female defendant a matter to be determined by the jury, and, for this reason, the trial court was entirely justified in refusing to grant the motion as to her. We think, however, that the motion should have been granted so far as the defendant Stanislaus Mackiewicz, the infant's grandfather, was concerned. He had nothing to do with the cleaning of the attic. There is no proof to show that he had any knowledge of the fact that his wife was sweeping out the rubbish, and no proof that her act in doing so was the result of a conference between them. The common law rule that a husband is responsible for the torts of his wife no longer prevails in this state. He is not responsible for those torts unless they occur during the prosecution of a joint enterprise in which they have a common interest and in which each has an equal right to direct and control the conduct of the other with respect thereto. As has already been intimated, there is nothing in the proofs which even suggests that the husband had any knowledge of his wife's intention to clean out the attic, or that he had a right to direct or control to any extent the conduct of the wife in doing so.

For the reason indicated, we conclude that the motion to direct a verdict in favor of the husband should have been granted and that the judgment entered against him should be reversed.